IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

**CIVIL ACTION NO. 2:19-CV-166 (WOB-CJS)**

**MICHAEL H. PONDER,**                                                          **PLAINTIFF,**

VS.                   **MEMORANDUM OPINION AND ORDER**

**HANS-PETER WILD,**                                                          **DEFENDANT.**

This matter is before the Court on Plaintiff's Motion to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 144). Defendant opposes the Motion. (Doc. 145). The Court has carefully reviewed this matter and, being advised, will deny Plaintiff's Motion.

*Factual and Procedural Background*

Because the Court recited a detailed version of the facts in its prior Memorandum Opinion and Order, (Doc. 141), only a brief summary of the background of this case is necessary here. Plaintiff Michael Ponder was the CEO of WILD Flavors GmbH ("WILD Flavors"). (Doc. 7-1 ¶ 10). Defendant Dr. Hans-Peter Wild was the majority shareholder of WILD Flavors and served as the Chairman of its Board of Directors, making him Ponder's direct supervisor. (Doc. 130-5 at 2; Doc. 132 at 1).

Ponder alleges that, in November 2013, Wild told him:

> We have to sell the company. Sell the company. I will
> pay you 3 million dollars. I will make sure that the
> promises that I've made to pay you the 3 million dollars

1

> in the past, I will make sure it is done. But you need to sell the company. You need the premium. You need to get—protect my assets or protect [me] . . .

(Doc. 132 at 1-2; Doc. 132-2, Ponder Dep. at 99:12-18). Lezlie Gunn testified that she was present for that alleged conversation and that Wild did promise Ponder a personal bonus of $3 million in connection with the sale of the company. (Doc. 132-3, Gunn 6/8/21 Dep. at 124:3-8).

On October 1, 2014, WILD flavors sold for over $3 billion, which was, according to Ponder, at least $1 billion over Wild's asking price. (Doc. 7-1 ¶ 18; Doc. 132 at 2). Shortly thereafter, Ponder alleged that Wild refused to wire him the $3 million he was owed. (Doc. 7-1 ¶ 32).

Accordingly, Ponder filed the instant case against Wild claiming breach of contract. (*Id.* ¶¶ 35-39). After the close of discovery, Wild filed a motion for summary judgment on the merits of Ponder's claim. (Doc. 130). This Court granted that motion, finding that Ponder could not demonstrate the existence of an enforceable contract with definite and certain terms and that the alleged contract lacked consideration. (Doc. 141 at 22-33). The Court then entered a corresponding judgment in Wild's favor. (Doc. 142).

### *Analysis*

"Under Rule 59, a court may alter the judgment based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). A district court generally "has considerable discretion" to decide whether to grant a Rule 59 motion. *Id.* (citing *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)).

"Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). "Rule 59 motions are 'extraordinary . . . and seldom granted' . . . ." *Mischler v. Stevens*, No. 7:13-CV-8, 2014 WL 5107477, at *1 (E.D. Ky. Sept. 29, 2014) (quoting *Mitchell v. Citizens Bank*, No. 3:10-00569, 2011 WL 247421, at *1 (M.D. Tenn. Jan. 26, 2011)).

Rule 59(e) is not a vehicle to relitigate previously considered issues, to submit evidence which could have been submitted previously in the exercise of reasonable diligence, or to attempt to obtain reversal of a judgment by offering arguments that were previously presented. *Id.* (citing *Gilley v. Eli Lilly & Co.*, 2014 WL 619583, at *2 (E.D. Tenn. Feb. 18, 2014)).

"The clear error of law standard under Rule 59(e) is exceptionally high, requiring the movant to 'establish not only that the errors were made, but that these errors were so egregious that an appellate court would not affirm the judgment.'" *Grace v. Kentucky*, No. 5:20-CV-00036-TBR, 2021 WL 5702436, at *2 (W.D. Ky. Dec. 1, 2021), *aff'd*, No. 22-5019, 2022 WL 18145564 (6th Cir. Nov. 22, 2022) (quoting *Salinas v. Hart*, No. CV 15-167-HRW, 2020 WL 1560061, at *3 (E.D. Ky. Apr. 1, 2020)).

To constitute "newly discovered evidence," the evidence must have been previously unavailable. *Leisure Caviar*, 616 F.3d at 614 (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). To establish "manifest injustice," a movant must show that there is "a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *Hazelrigg v. Kentucky*, No. 5:13-CV-148-JMH, 2013 WL 3568305, at *1–2 (E.D. Ky. July 11, 2013) (internal citation omitted). This standard presents "a high hurdle." *Westerfield v. United States*, 366 F. App'x 614, 620 (6th Cir. 2010).

### A. Terms of the Contract

First, Ponder argues that the Court "inadvertently" failed to consider Gunn's testimony in making the determination that the terms of the alleged contract were indefinite and uncertain. (Doc.

4

144 at 2). However, the Court did consider the testimony from Gunn's deposition on June 8, 2021. (*See* Doc. 141 at 3) (citing Doc. 131-3, Gunn 6/8/21 Dep. at 123:6-10, 123:25-124:8).

During that deposition, Gunn testified to the same alleged contract as Ponder: that Wild promised to pay Ponder $3 million if Ponder "g[o]t a premium price" for the business. (Doc. 144-1, Gunn 6/8/21 Dep. at 121:2-9, 124:4-6). Although Gunn testified that "everyone knows" Wild did not expect "more than 1.2, maximum 1.5 billion," she did not testify during that deposition that Ponder and Wild ever discussed what sale price equated to "a premium price." (*See id.* at 122:1-4).

Accordingly, as discussed at length in the Court's prior Memorandum Opinion and Order, Gunn and Ponder's unsupported assumptions regarding an essential term cannot support a finding of enforceability under the applicable "clear and convincing evidence" standard. *See Auto Channel, Inc. v. Speedvision Network, LLC*, 144 F. Supp. 2d 784, 791 (W.D. Ky. 2001) (citing *Indus. Equip. Co. v. Emerson Elec. Co.*, 554 F.2d 276, 288 (6th Cir. 1977)).

Ponder now introduces, for the first time, additional testimony offered by Gunn during a deposition on August 25, 2022. (Doc. 144 at 2-3; Doc. 144-2, Gunn 8/25/22 Dep.). On that day, Gunn did testify that Ponder asked Wild, "What do you expect?" and Wild responded that he expected $1.2 or $1.5 billion from the sale. (Doc. 144-2, Gunn 8/25/22 Dep. at 290:6-9).

5

However, Ponder has not established or even argued that the transcript of Gunn's second deposition, which was prepared on September 12, 2022, (*see id.* at 422), was unavailable to him when he filed his response to Wild's motion over five months later on February 16, 2023, (Doc. 132), or that it could not have been submitted then for some other reason, despite the exercise of reasonable diligence. Therefore, that testimony is not "newly discovered evidence," and the Court will not consider it. *See Engler*, 146 F.3d at 374 (finding that an argument that a party could have but did not raise before the district court's initial ruling was barred in the context of a Rule 59(e) motion).

The Court also previously considered Ponder's deposition testimony, which referenced his subjective belief that $1.5 to $2 billion would constitute a "premium price," and the 2016 email chain between Ponder and Wild, which does not reference any prior agreement as to what specific sale price Ponder needed to secure in order to meet his obligations under the alleged contract. (*See* Doc. 141 at 26–28). Ponder may not attempt to relitigate whether that evidence establishes an agreement with definite and certain terms by raising the same arguments the Court already considered and found to be lacking.

Further, Ponder's argument that "[t]he Court inadvertently determined that the 'when' term of the contract was not certain" misapprehends the Court's reasoning. (*See* Doc. 144 at 5). The Court

6

did not find that the contract failed because it lacked a specified time for performance, but rather held that the alleged contract did not provide when Wild's obligation to pay Ponder would be triggered. (Doc. 141 at 27). In other words, it failed to adequately define what sale price Ponder needed to obtain in order to earn the bonus.

In some cases, whether a contract exists turns on questions of fact that must be decided by a jury. *See Audiovox Corp. v. Moody*, 737 S.W.2d 468, 471 (Ky. Ct. App. 1987). However, when "subordinate factual determinations" are undisputed, whether a contract exists is a question of law. *Indus. Equip.*, 554 F.2d at 284; *see also Hickey v. Glass*, 149 S.W.2d 535, 536 (Ky. Ct. App. 1941) (finding that whether a contract was formed was a question of fact, but whether that alleged contract, if formed, could be enforced was a question of law).

Here, although Wild disputes that he made the alleged promise, the Court assumed that Ponder and Gunn's testimony regarding Wild's statements was true, as it must in the context of Wild's motion for summary judgment. *See Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 992 (6th Cir. 1997) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) ("In determining whether there exists a genuine issue of material fact, the court must resolve all ambiguities and draw all factual inferences in favor of the non-moving party."). Accordingly, just as in *Industrial*

7

*Equipment* and *Hickey*, the Court found that, even if the facts were as Ponder had argued them to be and the alleged promise had been made, no enforceable contract existed.

As the Court previously held, Ponder has failed to point to evidence from which a reasonable jury could conclude that the parties agreed on definite and certain terms regarding the parameters of each party's performance. Accordingly, under Kentucky law, this renders the alleged contract unenforceable. *See Kovacs v. Freeman*, 957 S.W.2d 251, 254 (Ky. 1997) (citing *Fisher v. Long*, 172 S.W.2d 545 (Ky. 1943)). Thus, there are no issues of fact that require submission to a jury because the Court found that Ponder's claim fails on the legal issue of enforceability.

**B. Consideration**

The Court also found that Ponder's breach of contract claim failed because it lacked consideration. (Doc. 141 at 29). Ponder now argues that the Court mischaracterized the law and caused manifest injustice because it failed to conclude that the testimony of Mark Greenberg, Wild's expert, was evidence from which a reasonable jury could find that Ponder provided consideration for the alleged contract. (Doc. 144 at 6-7).

Although the Court did reference Ponder's then-pending motion to exclude Greenberg's testimony in its analysis, the Court did not base its decision on the fact that Ponder had filed such a

8

motion. (*See* Doc. 141 at 31-32). Rather, the Court agreed with a point that Ponder made in his motion: Greenberg's testimony regarding CEOs' duties in other companies cannot establish what Ponder's specific responsibilities were as the CEO of WILD Flavors. (*See id.*). That Ponder may now wish to retract that argument does not alter the Court's finding that the language in Ponder's employment contract and his own testimony establish that he was already contractually obligated to participate in the business activities of WILD Flavors, which include discussing the business with potential buyers. (*See id.* at 30-33).

The Court did not find that Greenberg's testimony was improper under the Federal Rules of Evidence, but rather concluded that Greenberg's generalizations did not overcome other, more specific evidence to create a genuine issue of material fact. Ponder may not relitigate this issue under Rule 59(e). *See Jones v. Nat. Essentials, Inc.*, 740 F. App'x 489, 495 (6th Cir. 2018) (internal citation omitted) ("Rule 59(e) does not exist to provide an unhappy litigant an opportunity to relitigate issues the court has already considered and rejected.").

The Court did not make a clear error of law and Ponder has failed to point to any fundamental flaws in the Court's reasoning that would surmount the "high hurdle" presented by the manifest injustice standard. Because Ponder has also failed to offer any newly discovered evidence or argue that there has been an

9

intervening change in controlling law, his Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) will be denied.

### *Conclusion*

Therefore, for the reasons stated above, **IT IS ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment (Doc. 144) be, and is hereby, **DENIED.**

This 28th day of June 2023.



Signed By:
*William O. Bertelsman* WOB
United States District Judge